MARC E. MAYER (SBN 190969)
mem@msk.com
EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff Voodoo SAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VOODOO SAS, a company incorporated under the laws of France,<br><br>Plaintiff,<br><br>v.<br><br>LOOP GAMES, OYUN TEKNOLOJILERI ANONIM SIRKETI, a company incorporated under the laws of the Republic of Türkiye, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 5:25-cv-6322<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff Voodoo SAS ("Voodoo" or "Plaintiff") is a leading video game company at the forefront of the casual mobile gaming market and the publisher of the popular mobile game *This is Blast!* ("*This is Blast!*"). Casual mobile games are intuitive games with low barriers to entry and relatively straightforward gameplay. Such games are typically free-to-play, with game developers earning revenue from in-app purchases and advertising. Thus, user engagement is critical for a casual game's success, and the temptation to copy an already successful game, with a proven track record and built-in audience, is strong.

2. Plaintiff brings the instant action to protect its intellectual property rights in the popular game *This is Blast!*. *This is Blast!* is a puzzle game where players must navigate a series of increasingly challenging levels by strategically matching colorful tiles that "shoot" into tiles of the same color with the goal of eliminating all tiles of each color. The game combines elements of precision, timing, and problem-solving, making it outstandingly engaging.

3. Defendant Loop Games Oyun Teknolojileri Anonim Sirketi ("Loop Games" or "Defendant") developed a copycat of *This is Blast!* The Android version of Loop Games' copycat version of *This is Blast!*, titled *Color Cube Blast*, was made available for free download from the Google Play store. The iOS version, titled *Color Block Crush*, was made available for free download on the Apple App Store (collectively, "*Color Block/Cube*").

4. *Color Block/Cube* deliberately mimics the look and feel, level designs, color combinations, specific shapes and objects, graphic effects, game progression, game interface, and numerous other specific protectable elements of *This is Blast!* as detailed further below.

5. To remedy this willful infringement, Plaintiff brings this suit for injunctive relief, damages, and Defendants' unjust profits resulting from this infringement.

**THE PARTIES**

6. Voodoo is a corporation duly organized and existing under the laws of France. Voodoo is a market leader in the competitive casual gaming market. Voodoo is in the business of producing, developing, publishing, distributing, and marketing a catalog of high-quality mobile

game products, including *This is Blast!*. The United States is among Voodoo's largest and most important markets for its games, including *This is Blast!*.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant Loop Games is a mobile game development company incorporated under the laws of the Republic of Türkiye.

8. Plaintiff is informed and believes, and on that basis alleges, that Loop Games owns exclusive rights in the mobile game applications titled *Color Cube Blast* and *Color Block Crush* and is responsible for the creation, development, and distribution of the game throughout the world, including in the United States.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1-10 inclusive, are unknown to Plaintiff, which has therefore sued said Defendants by such fictitious names. These Defendants may include individuals whose real identities are not yet known to Plaintiff, but who are acting in concert with one another in committing the unlawful acts alleged herein. Plaintiff will amend this complaint to state Defendants' true names and capacities once they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that all Defendants sued herein are liable to Plaintiff as a result of their participation in all or some of the acts set forth in this complaint.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

11. This is a civil action seeking damages, injunctive relief, and other equitable relief under the Copyright Act, 17 U.S.C. § 101 *et seq.*

12. This Court has subject matter jurisdiction over Voodoo's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendant Loop Games pursuant to 17 U.S.C. § 512(g) because it consented to the jurisdiction of the Federal District Court for the Northern

District of California when it sent a counter-notification to Google Play on July 14, 2025, in response to a DMCA notice sent by Voodoo's representative to Google Play on or about June 3, 2025.

14. Additionally, this Court has personal jurisdiction over Defendants because they have a substantial presence in, and purposefully directed their activities at, the United States and at California in particular, and have purposefully availed themselves of the benefits of doing business in California. Voodoo is informed and believes, and on that basis alleges, that, without limitation:

(a) Defendants intentionally chose to distribute *Color Block/Cube* in the United States and the State of California through the Google Play and Apple App Stores. Voodoo is informed and believes, and on that basis alleges, that Defendant Loop Games intentionally uploaded *Color Block/Cube* to servers located in the United States, specifically requested that the Google Play and Apple App Stores distribute *Color Block/Cube* worldwide, including in the United States, and deliberately chose not to exclude or block customers in the United States from accessing and downloading *Color Block/Cube*.

(b) Defendant Loop Games has targeted its games, including *Color Block/Cube*, to United States customers, including by intentionally advertising its games to U.S. customers and promoting its games via English language websites. As set forth below, Defendant Loop Games knows and intends that its games are played by U.S. customers and, indeed, that the United States is a substantial market (if not the most substantial market) for its games.

(c) Defendant Loop Games conducts extensive and ongoing business with customers in the United States and the State of California, including through in-game purchases made by customers in the United States and the State of California. Defendant Loop Games promotes and advertises those in-game purchases in U.S. Dollars. Voodoo is informed and believes, and on that basis alleges, that such in-game purchases include charges in U.S. Dollars made to customers by California-based Apple and Google, which then take a platform fee (and other assessed charges) in California before remitting any payment (also in U.S. Dollars) to Defendants.

(d) Defendant Loop Games advertises and markets its games in the United States and the State of California, and communicates directly with users in the United States, including for the purposes of soliciting downloads of its games by such users.

(e) Defendant Loop Games enters into contracts with, and utilizes the services of, numerous U.S. companies, including domain name registrars, hosting providers, and payment processors. Defendant Loop Games also enters into license agreements with U.S.-based software companies for the use of software or programming tools or development kits ("SDKs").

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. In the alternative, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which an action may otherwise be brought and Defendant Loop Games is subject to the Court's personal jurisdiction having consented to jurisdiction by sending a DMCA counter-notification to Google Play.

## FACTS APPLICABLE TO ALL CLAIMS

### Voodoo and its Games

16. Voodoo is a leading developer and publisher in the business of developing, publishing, and marketing original, high-quality mobile games. By exploring innovative mechanics and unique game designs, Voodoo ensures that its games deliver engaging and fresh experiences for players worldwide. This commitment to innovation allows Voodoo to remain at the forefront of the gaming industry while continuously expanding its creative portfolio.

17. Voodoo has developed unique expertise in the market of casual games. Casual games are characterized by intuitive gameplay, using carefully designed interfaces that are easy for players to learn, as well as using specifically tailored visual elements that include cues, or settings, to engage players in short, set durations of gameplay.

18. Loop Games is a competing mobile developer and publisher that focuses on casual games and has a robust user base in the United States. In marketing materials, Loop Games touts its

success in the U.S. market and shares that its key game, *Match 3D*, had over 43% of its downloads in the United States, and reached #89 on the top grossing list in the United States.[1]

19. The casual games market is a growing and highly competitive sector. Because the business model for casual gaming is primarily driven by in-app purchases and advertisement-based revenue, developers of casual games rely heavily on player engagement. Game developers whose games engage the greatest share of players and whose portfolio of work can capture the market are the most successful. However, due to the straightforward and intuitive nature of casual games, once a developer creates and publishes original creative content, it becomes particularly susceptible to copycat competitors who can easily replicate the developer's creative elements and release their own copycat or derivative versions of the original work. And because casual games typically are free and have low barriers to entry, player loyalty and market share can shift quickly.

**Voodoo's Game *This is Blast!***

20. *This is Blast!* is a prime example of a successful casual game that has been well-received by players and, as a result, has drawn the attention of competitors and copycats. *This is Blast!* is in the genre of "puzzle games," which means a game designed to test problem-solving skills including pattern recognition. *This is Blast!* was developed and published by Voodoo, and was released worldwide on the Google Play and Apple App Stores on November 20, 2024.

21. *This is Blast!* is an engaging puzzle game where players shoot cubes of the same color with the goal of eliminating all cubes on the playing field.

22. In *This is Blast!*, players progress through a series of increasingly challenging levels, each of which offers new and unique artistic and gameplay elements. Each of the levels of *This is Blast!* has been designed to provide fresh challenges for the player, and these levels represent a substantial investment of creative time and energy. Players are incentivized to complete levels through an engaging rewards system.

[1] https://loopgames.net/blog-article2; https://loopgames.net/blog-article6

23. Representative screenshots of *This is Blast!* are included below:




24. *This is Blast!* is a highly creative expressive work, featuring a variety of distinctive and original game elements and art assets, a colorful and original user interface, complex and creative level design, and sound effects. Collectively, all of these distinctive and creative elements have imbued the game with a unique and original look and feel that differentiates it from other games in the field.

25. Voodoo is the owner of a valid and subsisting copyright registration in *This is Blast!*, Registration No. PA 2-542-105, effective as of July 25, 2025. Voodoo's copyright in *This is Blast!* includes all copyrightable subject matter encompassed therein, including its artwork, sound, user interface, screen displays, and other audiovisual and graphic elements.

**<u>Defendants' Game *Color Block/Cube*</u>**

26. Defendant Loop Games' *Color Block/Cube* is a mobile game that is intended to replicate *This is Blast!*. Plaintiff is informed and believes, and on that basis alleges, that *Color Block/Cube* was developed by Defendant Loop Games or by a third-party studio commissioned by Defendant Loop Games and acting at its direction. *Color Block/Cube* was released on the Apple

App Store and the Google Play store approximately six months after the release of *This is Blast!*, on May 27, 2025.

27. Like *This is Blast!*, *Color Block/Cube* is a casual mobile game centered around block puzzle mechanics. As in *This is Blast!*, players of *Color Block/Cube* must eliminate all the blocks on the board by shooting them with a matching color.

28. As detailed further below, *Color Block/Cube* deliberately mimics the look and feel, level designs, color combinations, specific shapes and objects, graphic effects, game progression, game interface, and numerous other specific protectable elements of *This is Blast!*.

**Defendants' Access To *This is Blast!***

29. Plaintiff is informed and believes, and on that basis alleges, that at the time Defendant Loop Games created and distributed *Color Block/Cube*, it had access to *This is Blast!*, via the game's widespread distribution on the app stores, and was aware of its market success. *Color Block/Cube* was released on May 27, 2025—approximately six months after *This is Blast!*. Defendants thus had the opportunity to play *This is Blast!* and to review and analyze *This is Blast!'s* market metrics, financial performance, and combination of expressive elements.

***Color Block/Cube* is a Copycat of *This is Blast!***

30. *Color Block/Cube* copies protected expression from *This is Blast!* and is an undeniable clone of *This is Blast!*. This is not just a matter of two competitors developing similar games within the same genre or sharing similar mechanics. The similarities identified by this complaint, which are only a subset of the infringing copying, are in no way dictated by the genre, the nature of the games, or the rules. They are centered on specific creative decisions that Plaintiff made in developing *This is Blast!*.

31. Plaintiff created an original and distinctive game with numerous original and protectable elements that were copied by Defendants, including:

- The layout of each level, including its dimensions (*e.g.*, width and height)
- The spatial organization of each element present in the game
- The position and placement of objects in the game
- The color selection and overall arrangement of colors within the game

- The user interface and overall user experience (UX) and the manner by which it is presented or displayed to users

32. As the non-exhaustive examples above show, the primary attributes of Loop Games' *Color Block/Cube* are substantially similar to the original and expressive elements of Voodoo's *This is Blast!*.

**UI and In-Game Elements Design.**

33. As illustrated in Figure 1 below, the main playing field user interface ("UI") and in-game elements are strikingly similar in both games: Square cubes that shoot white bullets have a similar shape, size, placement, and even font style—white with a black outline—in both games. In both games, the cannon-cubes are positioned in five square-rimmed slots. The design of the white bullets is nearly identical: white with a semi-transparent, cone-shaped glow beneath the tip.




**Figure 1.** (*Color Cube Blast* on the left and *This is Blast!* on the right)

**Level Layouts and Structural Similarities.**

34. Defendant Loop Games appears to have copied the spatial organization, size, and proportions of key *This is Blast!* gameplay elements, such as the following: (a) the "20" shooter is round and the "40" shooter is triangular in both games; (b) the dock size and cube size are

identical (10 x 10); and (c) both games feature a nearly identical playing field with a 3D grey background and similar lighting—specifically, the shadow falls on the left side of the game field.

**UX Similarities.**

35. As illustrated in Figure 2 below, *Color Block/Cube* incorporates distinct *This is Blast!* UX elements, including but not limited to: (a) square cubes shrink into smaller cubes when shot; (b) both games have a similar volume-based shooting mechanic (*e.g.*, each cube requires multiple hits—20, 40, etc.); (c) in both games, connectors linking shooting cubes allow both cubes to shoot at the same time with similar multipliers; (d) both games use a bar at the top of the screen to track progress within each level; and (e) both games feature "select" and "shuffle" boosters, which are signified by a hand icon and a double arrow icon (respectively).




**Figure 2.** (*Color Block Crush* on the left and *This is Blast!* on the right)

**Home Screen Similarities.**

36. As illustrated in Figure 3 below, both games have a home screen featuring a blue background with white clouds along the bottom and a cube centered in the middle of the screen. Additionally, the home screen navigation displays the same three elements at the bottom—shop, home, and leaderboard—using similar store, house, and trophy icons to illustrate these elements.




**Figure 3.** (*Color Cube Blast* on the left and *This is Blast!* on the right)

**<u>Defendants' Ongoing Willful Infringement Harms Voodoo</u>**

37. Plaintiff is informed and believes, and on that basis alleges, that all of the foregoing copying was deliberate and intentional and that, during the development of *Color Block/Cube*, Defendants used *This is Blast!* as reference, and copied the design of levels, color combinations, design and locations of the individual game elements, user progression, and sequence of events. Defendants did so in order to capitalize on the success of *This is Blast!* and divert players from Plaintiff's game to Defendants' game.

38. The similarities between *This is Blast!* and *Color Block/Cube* are widespread and pervasive. The comparisons above are a representative, but not exhaustive, list of the striking similarities between the two games. The original game elements of *This is Blast!* as well as Plaintiff's creative selection and arrangement thereof that Defendants copied are protected.

Defendants could have designed a casual block puzzle game in many different ways, but instead chose to use the same original, protected expression that Plaintiff had created for *This is Blast!*.

39. Because of Defendants' willful conduct, *Color Block/Cube* has interfered with, and threatens to further disrupt, the growing success of *This is Blast!*. Because *This is Blast!* is a free game, Voodoo receives revenue primarily from in-app purchases. That means *This is Blast!'s* game revenue is highly dependent on user engagement. Consequently, Defendants' *Color Block/Cube* jeopardizes the goodwill and player relationships that Voodoo has worked to develop. It creates a risk of confusing consumers and negatively impacting the reputation of *This is Blast!*. *Color Block/Cube* interferes with Voodoo's ability to acquire new players, threatens to divert current players, and harms Voodoo's ability to earn revenue from *This is Blast!*.

40. Defendants' disregard for Voodoo's intellectual property rights is evident from their pre-litigation conduct: On June 12, 2025, Voodoo's French counsel sent Loop Games a letter notifying it of the infringement of *This is Blast!*, but Loop Games refused to make any changes to *Color Block/Cube*. Rather than engage in a productive discussion with Voodoo, on June 19, 2025, Loop Games' counsel sent Voodoo an email in which he called Voodoo's claims "baseless allegations" and threatened a legal action were Voodoo to proceed with the attempts to enforce its rights. Similarly, after Voodoo's representative sent Google a DMCA Notice on or about June 3, 2025, on July 4, 2025, Loop Games responded with an email in which its counsel audaciously claimed that Voodoo's Notice was "baseless, factually deficient, and constitutes a bad-faith abuse of the DMCA process" and threatened counterclaims by which Loop Games would purportedly seek "full disgorgement of all profits" of *This is Blast!*. On July 14, 2025, Loop Games sent a formal counter-notification to Google. On July 18, 2025, Voodoo's U.S. counsel sent Loop Games a letter, reiterating Voodoo's position and making one more attempt to resolve the dispute. Loop Games simply ignored it.

41. Therefore, by this action, Voodoo seeks to prevent Defendants from any further infringement and from causing any further harm to Voodoo.

**COUNT I**

**(Copyright Infringement – 17 U.S.C. § 501 *et seq.*)**

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 as if set forth fully herein.

43. Plaintiff owns a valid and enforceable copyright in *This is Blast!*.

44. Defendants have deliberately and intentionally copied the protectable expression from *This is Blast!* in *Color Block/Cube.*

45. Plaintiff has never authorized nor given consent to Defendants to use its copyrighted work in the manner complained of herein.

46. Thus, Defendants have infringed, and are continuing to infringe, Plaintiff's copyright by reproducing, adapting, distributing, publicly performing, and publicly displaying, and authorizing others to reproduce, adapt, distribute, publicly perform, and publicly display copyrighted elements of *This is Blast!* without authorization, in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.*

47. Defendants' acts of infringement are willful, in disregard of, and with indifference to, the rights of Plaintiff.

48. As a direct and proximate result of the infringement alleged herein, Plaintiff is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

49. As a result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in *This is Blast!*. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including but not limited to:

1. A judgment that Defendants have infringed Plaintiff's copyright in violation of the Copyright Act and that the infringement was willful.
2. An order preliminarily and permanently enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons and entities acting by, through, or in concert with them, from manufacturing, producing, distributing, advertising, marketing, offering for sale, or selling *Color Block/Cube*.
3. An order directing Defendants to remove *Color Block/Cube* from all app stores, including but not limited to the Google Play and Apple App Stores and, if Defendants fail to do so, ordering all app stores, including but not limited to the Google Play and Apple App Stores to disable access to *Color Block/Cube*.
4. Ordering Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing under oath detailing compliance with the injunction.
5. Requiring Defendants to deliver to Plaintiff all copies of materials that infringe or violate any of Plaintiff's rights described herein.
6. Requiring Defendants to provide Plaintiff with an accounting of any and all sales of products or services that infringe or violate any of Plaintiff's rights, as described herein.
7. Awarding Plaintiff damages for copyright infringement and willful infringement under 17 U.S.C. § 504, as appropriate.
8. Imposing a constructive trust over the proceeds unjustly obtained by Defendants through the sale of *Color Block/Cube* in the United States or that stem from a predicate act of infringement in the United States, and/or any other products or services that violate any of Plaintiff's rights described herein.

9. Awarding applicable interest (both prejudgment and post-judgment), costs, disbursements, and attorneys' fees.

10. Awarding such other and further relief as this Court may deem just, appropriate, and equitable.

DATED: July 28, 2025

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/Marc E. Mayer
Marc E. Mayer
Emily F. Evitt
Attorneys for Plaintiff
Voodoo SAS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law.

DATED: July 28, 2025

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/Marc E. Mayer
Marc E. Mayer
Emily F. Evitt
Attorneys for Plaintiff
Voodoo SAS